Filed 5/25/22  P. v. Fryer CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048261 |
| Plaintiff and Respondent, | (Santa Clara County Superior Court No. C168974) |
| v. | |
| LEROY FRYER, | |
| Defendant and Appellant. | |

## THE COURT[1]

Defendant Leroy Fryer appeals from an order denying his petition for resentencing pursuant to Penal Code section 1170.91.[2]  For the reasons set forth below, we dismiss the appeal.

### I. PROCEDURAL BACKGROUND

On November 24, 1993, defendant pled no contest to seven counts of lewd and lascivious conduct on a child by force (§ 288, subd. (b)); one count of attempted lewd and lascivious conduct on a child by force (§§ 664/288, subd. (b)); two counts of false imprisonment (§§ 236/237); and one count of use of a minor to perform prohibited acts (§ 311.4, subd. (c)).  Defendant also admitted enhancements for kidnapping to commit a lewd act (§ 667.8, subd. (b)) and use of a deadly or dangerous weapon.  (§§ 12022, subd.

---

[1] Before Greenwood, P. J., Danner, J. and Lie, J.

[2] Further statutory references are to the Penal Code.

(b); 12022.3, subd. (a).) The court sentenced defendant to 68 years and 8 months in state prison.

Defendant filed a petition pursuant to section 1170.91 requesting resentencing based on mental health issues related to his prior military service. On March 26, 2020, the court held a hearing on the petition. The court considered defendant's diagnosis of schizoaffective disorder that is directly related to his past military service, his 100 percent military disability award, defendant's history of experiencing repeated sexual, physical and emotional abuse that most likely caused him to experience significant trauma at very important brain development stages, and defendant's early acknowledgment of guilt and the sincere remorse he expressed at the time of his original sentencing. On April 10, 2020, the court issued an order denying defendant's petition for resentencing.

Defendant filed a timely notice of appeal on May 8, 2020. This court appointed counsel to represent defendant. On November 15, 2021, appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), stating the case and facts but raising no issues. We notified defendant of his right to submit written argument on his own behalf. On December 10, 2021, defendant filed a supplemental brief.

## II. DISCUSSION

Defendant argues in his supplemental brief that he was entitled to resentencing pursuant to section 1170.91 because he satisfies all the criteria for resentencing. He states that he is suffering from mental conditions because of his military service, and he is at risk of contracting COVID-19 while incarcerated.

Section 1170.91, subdivision (a), authorizes the court, when sentencing a felony defendant who is or was a member of the United States military, to consider as a factor in mitigation in imposing a determinate term sentence that the defendant "may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service."

2

As amended by Assembly Bill No. 855, section 1170.91, subdivision (b)(1), provides, "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in his or her case, to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions: [¶] (A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing. [¶] (B) The person was sentenced prior to January 1, 2015. This subdivision shall apply retroactively, whether or not the case was final as of January 1, 2015."

Section 1170.91, subdivision (b)(3), which describes the hearing procedure for a veteran petitioning for recall of sentence, however, expressly provides, once the court determines the petitioner has satisfied the criteria in subdivision (b)(1), "the court may, in its discretion, resentence the person following a resentencing hearing." Unlike some other ameliorative resentencing procedures recently enacted by the Legislature that mandate relief if the petitioner satisfies the relevant criteria, relief under section 1170.91 is discretionary.

The trial court in this case considered all of the mitigating factors including those related to defendant's mental health conditions and concluded defendant should not be granted relief. Defendant's supplemental brief fails to provide any basis upon which we could conclude that the trial court abused its discretion in denying the petition.

As nothing in defendant's supplemental brief raises an arguable issue on appeal from the order denying the petition for resentencing, we must dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

3

### III.   DISPOSITION

The appeal is dismissed.